## DANIEL W. LORD vs. JOHN APPLETON.

When a bill is drawn, accepted and indorsed, possession is *prima facie* evidence of ownership.

A notice left in the office and usual place of business of the indorser of a bill, with a person in charge of the office, is sufficient.

When a notice to an indorser is regularly deposited in the post-office, the risk of delay rests upon the party to be notified.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

At the trial, when the evidence was out, of which the material parts are found in the opinion of this Court, the defendant insisted, that the jury might find, that no sufficient notice to charge the indorser had been shown; and that from the facts apparent in the case, the jury might find, that the plaintiff had no interest in the draft in suit, and requested the Judge so to instruct the jury. The Judge declined to give such instructions, and did charge the jury, that the evidence produced, if believed by them, would be sufficient to prove a demand on the maker, and such notice to the indorser as would charge him in this action, and that the draft produced, being in the possession of the plaintiff, in the form in which it appears, was *prima facie* evidence of ownership in him. On the return of a verdict for the plaintiff, the defendant excepted.

*N. D. Appleton,* for the defendant.

1. The plaintiff has no interest in the bill in suit, and therefore cannot sustain an action upon it. 3 *Kent,* 79; *Thacher* v. *Winslow,* 5 *Mason,* 58; 9 *Conn. R.* 94; *Sherwood* v. *Roys,* 14 *Pick.* 172; *Bradford* v. *Bucknam,* 3 *Fairf.* 15; 11 *Wend.* 27.

2. There was no sufficient notice to the defendant to charge him as indorser. 3 *Kent,* 106, 107; *Talbot* v. *Clark,* 8 *Pick.* 54; 6 *East,* 3; *Granite Bank* v. *Ayers,* 16 *Pick.* 393; *Bank U. S.* v. *Corcoran,* 2 *Peters,* 121; *Bank U. S.* v. *Hatch,* 6 *Peters,* 250; *Bayley on Bills,* 268. Where two indorse a bill, but not as partners, both must be notified. 1 *Conn. R.* 367; *Chenango Bank* v. *Root,* 4 *Cowen,* 126.

3. The question, whether the note belonged to the plaintiff, was for the decision of the jury. 3 *Kent,* 105, *and notes;* 1 *Dane,* c. 20, *a.* 10, § 26.

Lord v. Appleton.

*Howard*, for the plaintiff.

Possession is *prima facie* evidence of ownership. 2 *Stark. Ev.* 250 ; *Fisher* v. *Bradford*, 7 *Greenl.* 28 ; *Marr* v. *Plummer*, 3 *Greenl.* 73 ; 3 *Cranch*, 207 ; *Lovell* v. *Evertson*, 11 *Johns. R.* 52 ; *Gage* v. *Kendall*, 15 *Wend.* 640 ; *Bowman* v. *Wood*, 15 *Mass. R.* 534.

Due diligence used, and proper measures taken, are sufficient to charge the indorser, whether the notice actually reaches him or not. A failure to receive the notice, whether occasioned by miscarriage or delay in the mail, or any cause whatever, is the misfortune of the indorser, for which the holder is not answerable. *Bayley on Bills*, 275, 279 ; *Shed* v. *Brett*, 1 *Pick.* 401 ; *Munn* v. *Baldwin*, 6 *Mass. R.* 316 ; 5 *Johns. R.* 384 ; 2 *Camp.* 633 ; 2 *H. Black.* 509 ; 3 *Esp. R.* 54 ; 3 *Kent*, 106 ; *Whittier* v. *Graffam*, 3 *Greenl.* 82 ; *Bank of Utica* v. *Smith*, 18 *Johns. R.* 230.

And the notice was properly sent to the Cashier of the *Bangor Bank*, the last indorser, although the notice might not reach the defendant so early as if sent directly to him. *Bayley on Bills*, 269, 276 ; *Church* v. *Barlow*, 9 *Pick.* 547 ; *Talbot* v. *Clark*, 8 *Pick.* 51. Each indorser has a reasonable time to give notice to the next indorser. 3 *B. & Pul.* 599 ; *U. S. Bank* v. *Goddard*, 5 *Mason*, 366 ; 2 *Johns. Cas.* 1 ; *Colt* v. *Noble*, 5 *Mass. R.* 167 ; 3 *Dane*, 128 ; 3 *Kent*, 128.

Due notice, given by any party on the bill, is sufficient to charge in favor of all subsequent parties, and enures to the benefit of the holder. *Bayley on Bills*, 249 ; *Stafford* v. *Yates*, 18 *Johns. R.* 327 ; *U. S. Bank* v. *Goddard*, 5 *Mason*, 366 ; *Williams* v. *Matthews*, 3 *Cowen*, 252.

Notice left as this was, in the defendant's office, is sufficient. *U. S. Bank* v. *Hatch*, 6 *Peters*, 257 ; *Cross* v. *Smith*, 1 *M. & S.* 545 ; *Cuyler* v. *Stevens*, 4 *Wend.* 566.

The case was continued for advisement, and the opinion of the Court subsequently drawn up by

SHEPLEY J. — This bill of exceptions states, that the action was upon a bill of exchange, dated *June* 23, 1836, payable in ninety days, at the *Suffolk* Bank, *Boston*, drawn by *J. B. Hill*, upon *C. Hayes*, and by him accepted, in favor of the defendant and by him

indorsed. It was afterward indorsed by *Lord & Veazie*, and by the cashier of the *Bangor* Bank, and transmitted to the *Suffolk* Bank.

Upon the last day of grace, being the 24th of *September*, a demand was made by a notary at the *Suffolk* Bank, and notices were by him made and directed to the respective parties and enclosed in a letter to the cashier of the *Bangor* Bank, which was directed to him, and put into the post-office in *Boston* on the same day. The cashier of the *Bangor* Bank testified, that the letter did not arrive in *Bangor* until the 29th, although by due course of mail, it should have arrived sooner. On that day the letter and notices were received, and the notice directed to the defendant was left by the messenger of the bank at the defendant's office and place of business, with a person then in the office, supposed by the messenger to be a partner; but in this supposition, the messenger seems to have been in an error; and it does not appear, who the person was. It appears, that *Lord & Veazie* took the bill out of the *Bangor* Bank; the name of the cashier was erased, and on the 30th day of *January*, 1837, this suit was commenced by the plaintiff. Complaint is made, that the *Chief Justice* of the Common Pleas, instructed the jury, that the bill "produced, being in the possession of the plaintiff, in the form in which it appears, was *prima facie* evidence of ownership in him." The law is correctly stated by the Judge, and is consistent with the cases cited for the defendant. Nor is there any reason to complain, that the instructions withdrew the evidence of property from the consideration of the jury. It is a necessary inference from them, that the jury were at liberty to find the property out of the plaintiff, if the evidence would authorize them to do so.

The Judge also instructed the jury, " that the evidence produced, if believed by them, would be sufficient to prove demand on the maker and notice to the indorser, such as would charge him in this action."

It is objected that the notice was left with a stranger, and therefore not good. If the notice had been left in the office instead of being handed to the person found in it, no question could have arisen. So if notice had been sent to the dwellinghouse, or place of business, although closed, so that no notice could be deposited

there, it would have been good, being sent at the proper time to expect admittance. The office being open, the person found in it must be presumed to be lawfully there until the contrary is proved, and the defendant cannot object, that a notice left with a person, lawfully in charge of the office, is not as effectual, as it would have been, if left in the office, no person being present; or if not left at all, the office being closed.

It is also insisted, that the notice was not legal on account of the delay beyond the usual course of the mail.

When notices are regularly deposited in the post-office, the risk of delay, or of an entire failure rests upon the party to be notified.

*The exceptions are overruled.*